08cv1285 DMS (NLS)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CESAR URIBE,<br><br>           Plaintiff,<br>v.<br><br>CORRECTIONAL OFFICER J.<br>McKESSON, CORRECTIONAL OFFICER<br>MARTINEZ, CORRECTIONAL OFFICER<br>ZARAGOSA, CORRECTIONAL OFFICER<br>TUZON,<br><br>           Defendants. | Case No. 08cv1285 DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF SUPPLEMENTAL RESPONSES TO DISCOVERY REQUESTS**<br><br>[Doc. No. 25] |

Plaintiff Cesar Uribe filed a motion to compel Defendants Tuzon and J. McKesson (Defendants) to disclose responses to certain interrogatories, requests for admission and requests for production of documents. He argues that interrogatories nos. 6, 8 and 9 in his First Set of Interrogatories (ROGs), requests no. 2, 3 and 4 in his Requests for Admission (RFAs) and requests no. 18, 19, 20 and 21 in his Requests for Production of Documents (RFPs) are proper and relevant to show that Defendants violated his right of access to the court. Defendants oppose all the requests.

Plaintiff declares he has made every reasonable effort to secure the discovery of the information and documents. Uribe Decl. ¶ 7. Having considered both parties' arguments, the Court **DENIES** Plaintiff's motion to compel.

///

**Plaintiff's Complaint.**

Plaintiff asserts these relevant facts in the Complaint. On February 22, 2007, while housed at California Substance Abuse Treatment Facility and State Prison (SATF), Plaintiff attempted to mail out his legal documents. Compl. ¶ 9. Following correction officers J. McKesson's, Martinez's and Zaragosa's instructions, Plaintiff arrived at the floor office after the evening meal with his legal documents. Compl. ¶ 9. Upon arriving, J. McKesson, Martinez and Zaragosa told Plaintiff he should have delivered the documents before the evening meal, cursed at Plaintiff and refused to send Plaintiff's legal documents. Compl. ¶ 12. Martinez, following J. McKesson's orders, slammed the door and smashed Plaintiff's foot. Compl. ¶ 14. Plaintiff left the floor office to try and speak with the Sergeant, but instead, was stopped by correctional officer, Tuzon, who ordered Plaintiff back to his cell. Compl. ¶ 15, 16. Soon after, Plaintiff was brought back to the floor office after again requesting that his legal documents be mailed out. Compl. ¶ 17. J. McKesson, Martinez and Zaragosa agreed to process Plaintiff's legal mail. Compl. ¶ 18. They then followed Plaintiff back to his cell, locked Plaintiff and his cell mate in a shower cage and ransacked Plaintiff's cell. Compl. ¶ 18. Plaintiff's personal belongings were either confiscated or destroyed. Compl. ¶ 21. J. McKesson and Martinez made separate statements to Plaintiff, implying that the actions taken against Plaintiff were in retaliation for Plaintiff's attempt to mail out his legal documents. Compl. ¶ 19.

Plaintiff sues for violations of his: (1) federal constitutional right to be free from retaliation when engaged in a protected action, and (2) state tort right for personal injury. Compl. ¶¶ 25-26. On June 18, 2009, Plaintiff propounded on Defendants J. McKesson, Tuzon, Martinez and Zaragosa ROGs, RFAs and RFPs, to which Defendants responded on August 29, 2009. Mot. to Compel 3:14-18. On September 10, 2009, Plaintiff sent Defendants' counsel a letter, attempting to resolve what he asserts to be non-compliance with his discovery requests. Mot. to Compel 3:21-22. On October 13, 2009, Plaintiff filed a motion to compel. Mot. to Compel (date stamped on November 2, 2009.). Defendants filed an opposition to Plaintiff's motion to compel. Opp'n to Mot. to Compel.

## DISCUSSION

**Relevant Rules.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense. . ." Fed. R. Civ. P. 26(b)(1).  A party may serve on another party interrogatories that "ask[] for an opinion or contention that [is] related to fact or the application of law to fact . . ." Fed. R. Civ. P. 33(a)(2).  "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(a)(4).

"A party may [also] serve on any other party a written request to admit . . . facts, the application of law to fact, or opinions about either . . ." Fed. R. Civ. P. 36(a)(1).  An "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request.  Fed. R. Civ. P. 36(a)(4).

Additionally, "[a] party may serve on any other party a request . . . to produce . . . [any designated documents] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  The party responding to a request for production of documents has an obligation to conduct a reasonable inquiry into the factual basis of its responses to the request to produce documents.  Fed. R. Civ. P. 34.

**Lack of Personal Knowledge**

- **ROG No. 6**

ROG no. 6, directed to Tuzon, asks for all facts to support Tuzon's contention that Plaintiff did not exhaust his administrative remedies.  Defendants object, stating Tuzon did not make such a contention.  Instead, Defendants assert Tuzon was not personally involved in Plaintiff's administrative appeal process and has no knowledge of whether such procedures occurred.  Plaintiff argues that because Defendants raised failure to exhaust administrative remedies as an affirmative defense, it is reasonable to require Defendants to contact the appeals coordinator to seek an answer.  However, Defendants argue that Plaintiff should have all the relevant information regarding exhaustion of administrative remedies because Plaintiff alleged exhaustion in his complaint.  Compl. ¶ 23.

As a responding party, Tuzon is only required to answer interrogatories based on his personal knowledge and information that is available to him.  *See Mehl v. Blanas*, 241 F.R.D. 653, 661 (E.D. Cal. 2007).  Plaintiff does not contend that Tuzon was personally involved in Plaintiff's administrative appeal or otherwise privy to such information.  *See Morris v. Hickinson*, No. 06-2936 (E.D. Cal. Sept.

15, 2009). Therefore, the Court finds Tuzon's response to be adequate and denies the motion with respect to ROG no. 6.

• **ROG Nos. 8 and 9**

ROG nos. 8 and 9, directed to Tuzon, ask for all facts to support Tuzon's contentions that "Plaintiff's own conduct contributed to this [sic] damages" and that "Plaintiff failed to mitigate his damages." Plaintiff argues Defendants should be compelled to answer ROG no. 8 because "[Tuzon's] attorney has access to the other factual accounts of the remaining three defendants to access the circumstances in question and to further respond to said interrogatory." Mot. to Compel 5:9-11. Plaintiff further argues that Tuzon should be compelled to answer ROG no. 9 because Defendants raised failure to mitigate damages as an affirmative defense and have had two months to investigate. Defendants object because Tuzon does not make either contention in any of his discovery responses. Defendants also object on the basis that Tuzon is unaware as to whether Plaintiff contributed to or mitigated his damages. Further, Tuzon asserts he was doing his job and his actions were within the scope of his duties. Finally, Plaintiff fails to mention Tuzon's response to ROG no. 4, which asks Tuzon to describe his February 22, 2007 encounters with Plaintiff. Tuzon responded:

> Inmate Uribe was flashing his cell light. Defendant opened his cell door (cell 201). Inmate Uribe walked out claiming he had legal mail and proceeded to the floor staff's office. Shortly after, he returned to his cell and put on his clothes (state blues), he came back out wanting to go out into the Unit. Defendant asked where he was going, to which he stated he wanted to go to see the Facility Sergeant and ask him to process his mail. Defendant told him the Sergeant was not going to process the mail because it's not his job. At that time the floor officer called inmate Uribe back into the office at which time Defendant believes his legal mail was processed by the floor staff and he returned to his cell.

Def.'s Opp'n to Pl.'s Mot. To Compel Disc. 2: 24-28, 3:1-3.

The Court finds Tuzon has adequately responded to ROG nos. 8 and 9 by explaining all the facts within his personal knowledge relating to Plaintiff's claim, specifically in his response to ROG no. 4. Although Plaintiff is correct in requesting a contention interrogatory to state the facts supporting two of Defendants' affirmative defenses, an individual defendant is under no duty to relay facts that are not within his personal knowledge. *Mehl*, 241 F.R.D. at 661; *see Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Therefore, the Court denies Plaintiff's motion with respect to ROGs nos. 8 and 9.

/ / /

**Scope**

- **RFA Nos. 2, 3 and 4**

Plaintiff requests that Tuzon admit that "Defendants are not immune for [sic] suit for damages," "Plaintiff's own conduct did not in any way contribute to his damages" and "Plaintiff did not fail to mitigate his damages." Def. A. Tuzon's Resp. To Pl.'s Req. For Admis. 2:12, 18, 25. Defendants object on the grounds that the requests are vague, ambiguous, overbroad and call for a legal conclusion. Defendants also object on the grounds that Tuzon does not have access to the information called for in each request. Plaintiff argues the requests are particular, clear and call for application of law to fact. Mot. to Compel 6:2-6. Further, Plaintiff argues that even if the requests call for legal conclusions, each request should still be compelled because such legal conclusions were raised by Defendants as affirmative defenses.

The Court finds Plaintiff's requests to be within the scope of Federal Rule of Civil Procedure 36. However, an "answering party may assert lack of knowledge or information as a reason for failing to admit or deny" a request. *Jacobs v. Scibner*, No. 06-01280 (E.D. Cal. Oct. 28, 2009). The Court finds that Tuzon's responses to RFA nos. 2, 3 and 4 communicates to Plaintiff that the information readily available to Tuzon was insufficient to enable Tuzon to admit or deny each request. The Court also sustains Tuzon's objection that these RFAs call for legal conclusion that are not within the immediate personal knowledge of Tuzon. Therefore, the Court denies Plaintiff's motion with respect to RFA nos. 2, 3 and 4.

**Documents to Support Contention ROGs**

- **RFP Nos. 18, 19, 20 and 21**

RFP nos. 18, 19, 20 and 21, directed to Tuzon, ask for any and all documents to support Defendants' affirmative defenses one through four. Answer 2:22-26. Defendants object, stating these requests are contention interrogatories and go beyond the scope of Federal Rule of Civil Procedure 34. Defendants also object, stating the requests call for legal conclusions and assume facts not yet in evidence. Plaintiff argues that these requests call for the application of law to fact. Plaintiff further argues that even if his requests call for legal conclusions, such requests are permissible because these

legal conclusions were raised by Defendants in their answer as affirmative defenses.

Federal Rule of Civil Procedure 11, "which requires parties to have some factual basis for their claims and allegations," allows for requests seeking documents to support a defendant's affirmative defenses. *Nat'l Acad. of Recording Arts & Sciences,* 256 F.R.D. at 682. Generally, these requests are complimentary to contention interrogatories and are proper. *Id.* However, if the Court denies Plaintiff's motion to compel responses to Plaintiff's contention interrogatories, the Court will also deny Plaintiff's motion to compel documents to support those specific contentions. *Superior Communications v. Earhugger, Inc.*, 157 F.R.D. 215, 219 (C.D. Cal. 2009). The Court finds Plaintiff's motion to compel responses to RFP nos. 18, 19, 20 and 21 are complimentary to ROG nos. 6, 7,[1] 8 and 9, which this Court has denied. Further, the Court finds the information requested in those RFPs to call for legal conclusions. Therefore, the Court denies the request to compel responses to RFP nos, 18, 19, 20 and 21.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to compel, and **ORDERS**:

1. The motion to compel responses to ROG no. 6 is DENIED.
2. The motion to compel responses to ROG nos. 8 and 9 is DENIED.
3. The motion to compel responses to RFA nos. 2, 3 and 4 is DENIED.
4. The motion to compel responses to RFP nos. 18, 19, 20 and 21 is DENIED.

**IT IS SO ORDERED.**

DATED: February 18, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

---

[1] ROG no. 7 is based on RFA no. 2, which the Court has declined to compel Tuzon to respond to.