8         UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA

10        FRESNO DIVISION

11

| | | |
|---|---|---|
| CESAR URIBE, | ) | Case No. 08cv1285 DMS (NLS) |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S** |
| v. | ) | **SECOND MOTION TO COMPEL** |
| | ) | **DISCLOSURE OF SUPPLEMENTAL** |
| CORRECTIONAL OFFICER J. | ) | **RESPONSES TO DISCOVERY** |
| McKESSON, CORRECTIONAL OFFICER | ) | **REQUESTS** |
| MARTINEZ, CORRECTIONAL OFFICER | ) | |
| ZARAGOSA, CORRECTIONAL OFFICER | ) | [Doc. No. 34] |
| TUZON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        Plaintiff Cesar Uribe filed a second motion to compel Defendant J. McKesson to disclose

responses to certain requests for production of documents. He argues that no. 2 and 6 in his Requests

for Production of Documents (RFPs) are proper and relevant to show that correctional officers

McKesson, Martinez, Zaragosa and Tuzon (Defendants) violated his right of access to the court.

Defendants oppose all the requests.

        Plaintiff declares he has made every reasonable effort to secure the discovery of the documents.

Uribe Decl. ¶ 7. Having considered both parties' arguments, the Court **GRANTS** Plaintiff's motion to

compel.

/ / /

/ / /

**Plaintiff's Complaint.**

Plaintiff sues for violations of his: (1) federal constitutional right to be free from retaliation when engaged in a protected action, and (2) state tort right for personal injury. Compl. ¶¶ 25-26. He asserts these relevant facts in the Complaint. On February 22, 2007, while housed at California Substance Abuse Treatment Facility and State Prison (SATF), Plaintiff attempted to mail out his legal documents. Compl. ¶ 9. Following correctional officers McKesson's, Martinez's and Zaragosa's instructions, Plaintiff arrived at the floor office after the evening meal with his legal documents. Compl. ¶ 9. Upon arriving, McKesson, Martinez and Zaragosa told Plaintiff he should have delivered the documents before the evening meal, cursed at Plaintiff and refused to send Plaintiff's legal documents. Compl. ¶ 12. Martinez, following McKesson's orders, slammed the door and smashed Plaintiff's foot. Compl. ¶ 14. Plaintiff left the floor office to try and speak with the Sergeant, but instead, was stopped by correctional officer Tuzon, who ordered Plaintiff back to his cell. Compl. ¶¶ 15, 16. Soon after, Plaintiff was brought back to the floor office after again requesting that his legal documents be mailed out. Compl. ¶ 17. McKesson, Martinez and Zaragosa agreed to process Plaintiff's legal mail. Compl. ¶ 18. They then followed Plaintiff back to his cell, locked Plaintiff and his cell mate in a shower cage and ransacked Plaintiff's cell. Compl. ¶ 18. Plaintiff's personal belongings were either confiscated or destroyed. Compl. ¶ 21. McKesson and Martinez made separate statements to Plaintiff, implying that the actions taken against Plaintiff were in retaliation for Plaintiff's attempt to mail out his legal documents. Compl. ¶ 19.

Plaintiff served interrogatories on McKesson. Specifically, he asked McKesson how many inmate cells he searched on February 22, 2007 at Facility E, Housing Unit #2. Uribe Decl. Ex. E. McKesson responded "I think I searched approximately 4 or more inmate cells on February 22, 2007." *Id.*

On October 17, 2009, Plaintiff propounded RFPs on McKesson. Uribe Decl. Ex. A. McKesson responded on December 2, 2009. Uribe Decl. Ex. B. On December 11, 2009, Plaintiff sent Defendants' counsel a letter, attempting to resolve what he asserts to be non-compliance with his discovery requests. Uribe Decl. Ex. C. On January 20, 2010, Plaintiff filed this motion to compel (date stamped on January 25, 2010). Defendants filed an opposition.

**DISCUSSION**

**Scope of Discovery.**

3          "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

4   claim or defense. . ." Fed. R. Civ. P. 26(b)(1).  Rule 34 empowers a party to serve on any other party a

5   request to produce "any designated documents . . . which are in the possession, custody or control of the

6   party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are in the "possession,

7   custody, or control" of the served party if the party has actual possession, custody, or control, or has

8   "the legal right to obtain the documents on demand." *U.S. v. Int'l Union of Petroleum & Indus. Workers*,

9   870 F.2d 1450, 1452 (9th Cir. 1989).  The party responding to a request for production of documents has

10  an obligation to conduct a reasonable inquiry into the factual basis of its responses to the request to

11  produce documents.  Fed. R. Civ. P. 34.

12  **RFP No. 2.**

13         RFP no. 2 asks for all confiscated property/contraband receipts written by McKesson on

14  February 22, 2007 at SATF, Facility E. Housing Unit #2, and were issued to any other inmate besides

15  Plaintiff.  Uribe Decl. Ex. B, 2:14-17.  McKesson objects, stating that the request is vague, ambiguous,

16  overbroad, burdensome and that case records of inmates may not be accessed by other inmates under

17  Title 15, California Code of Regulations, § 3370.  Uribe Decl. Ex. B, 2:18-22.  Notwithstanding these

18  objections, McKesson asserted that he conducted a diligent search and "does not believe that the

19  documents exist."  Uribe Decl. Ex. B, 2:22-24.  In opposition to this motion, McKesson argues that

20  these records are confidential and protected by state law regarding the qualified privilege of privacy and

21  that they should also be deemed privileged under federal law.  He also argues that Plaintiff has not met

22  his burden of demonstrating actual or substantial prejudice from the denial of this discovery.

23         The Court overrules McKesson's objections that RFP no. 2 is vague, ambiguous, overbroad and

24  burdensome.  RFP no. 2 requests specific information for a specific housing unit from the single date of

25  the alleged incident, February 22, 2007.  As for the confidentiality of those property receipts under 15

26  C.C.R. § 3370, section 3370(b) states that no inmate shall have access to another inmates case records

27  file or health records.  Here, McKesson does not assert or explain how property search receipts become

28  part of an inmate's case records file or that the receipts are not part of the institution's files.  Based on

the record before this court, it appears more plausible that property search receipts are institutional records held by custody staff, and thus they do not appear protected by the confidentiality provision of section 3370.  Further, to the extent they could be considered part of confidential inmate case records, those concerns could be addressed by a protective order.

Regarding invocation of state law on privilege and right to privacy, the court clarifies that federal law regarding privilege applies to federal question cases.  Fed. R. Evid. 501; *see Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1492 (9th Cir. 1989).  Even though state law may provide guidance on the issue, state law regarding privilege and privacy is not the law of this circuit.  *See Green v. Baca*, 226 F.R.D. 624, 643-644 (C.D. Cal. 2005) (explaining that privilege protections governed by California law "is not the law of this circuit").  Therefore, the court overrules McKesson's objections based on privilege and privacy.

McKesson finally argues that he does not have control over the documents requested and thus cannot produce them.  While McKesson says he does not know who holds these documents, he has not explained any efforts he has made to try to locate them.  So far, McKesson has only said that he had conducted a diligent search of his records.  Uribe Decl. Ex. B, 2:23-24.  Presumably McKesson, after he filled out the search receipts, turned them over to a custodian at the prison.  He has an obligation to conduct a reasonable inquiry to determine whether they are in his custody or control and produce them, if found.

The court grants Plaintiff's motion to compel production of all confiscated property/contraband receipts written by McKesson on February 22, 2007 at SATF, Facility E. Housing Unit #2.  Such receipts are not privileged and are relevant to Plaintiff's retaliation claim, making them discoverable.  If, after a diligent search and reasonable inquiry, McKesson cannot produce the receipts, he must provide to Plaintiff a declaration detailing the steps he went through to locate those receipts and explain the prison's document retention policy, if applicable.

**RFP No. 6.**

RFP no. 6, directed to McKesson, asks for the housing unit cell/locker search log book from SATF, Facility E. Housing Unit #2, for the month of February 2007.  Uribe Decl. Ex. B 4:13-15. McKesson objects, stating that the request is vague, ambiguous, overbroad, burdensome and calls for

disclosure of confidential information that may jeopardize the security of the prison and safety of inmates and staff.  Uribe Decl. Ex. B 4:16-20.  Notwithstanding these objections, McKesson provided Facility E-2 Unit Log Book for the month of February 2007.  Uribe Decl. Ex. B, Attach. A.

Plaintiff argues that McKesson's response is nonresponsive and inadequate.  Mem. Ps.&As. 5:20-22.  Plaintiff further asserts that the Unit Log Book that McKesson provided is not the housing unit cell/locker search log book that he requests.  Mem. Ps.&As. 5:22-24.  Plaintiff also argues that the housing unit cell/locker search log book is relevant to show Defendants searched his cell in retaliation.  Mem. Ps.&As. 5:27-28.  Specifically, Plaintiff contends the housing unit cell/locker search log book contains information regarding which cells were searched, by whom, the date and time and what items, if any, were removed.  Mem. Ps.&As. 5:25-27.  In contrast, the Unit Log Book McKesson provided only shows the dates and times of inmate movement, cell movement, count times, incidents by inmates, facility alarms and feeding, yard and work release.  Mem. Ps.&As. 6:3-7.  Therefore, Plaintiff asserts he needs the housing unit cell/locker search log book to show the disparity between how his cell was treated versus the other cells that were searched that night by the same officers.  Mem. Ps.&As. 6:1-2.

The Court overrules McKesson's objections that the requst is vague, ambiguous, overbroad, burdensome and calls for disclosure of confidential information.  Plaintiff's request is relevant to support his retaliation claim.  To the extent there are confidentiality concerns, those concerns can be addressed in a protective order.

McKesson also argues that he is not in possession, custody or control of the log.  In a footnote in the opposition, McKesson states that "Defense Counsel determined that the Housing unit cell/Locker search Log Book that Plaintiff requested had been destroyed in accordance with SATF's one year retention schedule for such documents."  Opp'n, p.8 n.2.  The court finds this statement inadequate to show the log is no longer available.  In light of McKesson producing the other Unit Log Book from February 2007, the court requires further explanation as to why the log book requested was subject to only a one-year retention policy.  Further, if that document was in fact not retained, the court must determine whether its disposal occurred before or after defendants were on notice of this lawsuit.  *See Leon v. IDX Sys., Corp.* 464 F.3d 951, 959 (9th Cir. 2006) (if defendants are on notice that a document may be relevant to the litigation it has a duty to prevent the destruction of such evidence).

The court, therefore, grants Plaintiff's motion to compel production of the housing unit cell/locker search log book from SATF, Facility E. Housing Unit #2, for the month of February 2007. That particular log book is not privileged and is relevant to Plaintiff's retaliation claim, making it discoverable. If, after a diligent search and reasonable inquiry, McKesson cannot produce the log book and finds that it was disposed of due to the prison's document retention policy, he must provide to Plaintiff a declaration from the prison's custodian of records detailing the retention policy for that particular log book and when that particular log book was disposed of.

<u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to compel, and **ORDERS** defendant McKesson to either produce the documents or the specified declarations, as explained above, by **March 22, 2010**.

**IT IS SO ORDERED**

DATED: March 8, 2010

_Nita L. Stormes_
Hon. Nita L. Stormes

U.S. Magistrate Judge

United States District Court