UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CESAR URIBE,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER J. McKESSON, CORRECTIONAL OFFICER MARTINEZ, CORRECTIONAL OFFICER ZARAGOSA, CORRECTIONAL OFFICER TUZON,<br><br>    Defendants. | Case No. 1:08cv1285 DMS (NLS)<br><br>**ORDER GRANTING MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE AND FIRST AMENDED SCHEDULING ORDER**<br><br>[Docket No. 52.] |

Defendants have filed a motion to continue the Mandatory Settlement Conference set in the Court's May 21, 2009 scheduling order. [Docket No. 20.] Due to a change in counsel, among other things, Defendants require more time to discuss and prepare for settlement. Good cause appearing, the Court issues the following orders:

**IT IS HEREBY ORDERED:**

1. The telephonic Mandatory Settlement Conference is continued to **June 17, 2010** at **2:30 p.m.** in the chambers of Magistrate Judge Nita L. Stormes. Defendants' counsel is responsible for coordinating Plaintiff's telephonic appearance. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **June 10, 2010**. **All parties are ordered to read and to fully comply with the attached SETTLEMENT CONFERENCE PROCEDURES.**

2. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **June 25, 2010**.  The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

3. No Memoranda of Contentions of Fact and Law are to be filed unless so ordered by the Court.

4. Counsel shall meet and confer on or before **July 2, 2010**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law.  Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

5. The proposed final pretrial conference order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and submitted to the Clerk's Office on or before **July 16, 2010**.  Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

6. The final pretrial conference is scheduled on the calendar of the Honorable Dana M. Sabraw on **July 23, 2010** at **10:30 a.m**.  The trial is scheduled to commence on **August 23, 2010** at **9:00 a.m.**

7. The dates and times set forth herein will not be modified except for good cause shown.

8. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED: April 21, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

**CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES**

**SETTLEMENT CONFERENCE PROCEDURES**

**ATTENDANCE:** All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**SETTLEMENT CONFERENCE BRIEFS**: All parties are required to lodge a **confidential** settlement brief prior to the Settlement Conference. Please refer to the Court's order for the date by which the brief is due. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

\* \* \* \*

**IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF
SHALL SET FORTH AT A MINIMUM, THE FOLLOWING
"REQUIRED" CONFIDENTIAL INFORMATION:**

\* \* \* \*

(1) A brief analysis of the key issues involved in the litigation;
(2) A description of the strongest and weakest legal and factual points in the party's case;
(3) A description of the strongest and weakest legal and factual points in the opponent's case;
(4) The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail [efile_stormes@casd.uscourts.gov] the **original only** of settlement briefs directly to chambers. FAX briefs will not be accepted. ***Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court***.