UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CESAR URIBE,<br><br>              Plaintiff,<br>v.<br><br>CORRECTIONAL OFFICER J.<br>McKESSON, CORRECTIONAL OFFICER<br>MARTINEZ, CORRECTIONAL OFFICER<br>ZARAGOSA, CORRECTIONAL OFFICER<br>TUZON,<br><br>              Defendants. | Case No. 08cv1285 DMS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FOURTH DISCOVERY MOTION TO COMPEL DISCLOSURE OF RESPONSES TO INTERROGATORIES**<br><br>[Doc. No. 58] |

Plaintiff Cesar Uribe filed a fourth discovery motion to compel defendants J. McKesson, J. Martinez and A. Tuzon to respond to certain interrogatories without objection. Specifically, Plaintiff argues that each Defendant should be compelled to provide a "yes" or "no" answer to each contested interrogatory. Defendants oppose the motion and argue that the responses were adequate, and that Plaintiff has not shown any actual or substantial prejudice from Defendants' responses. The court has reviewed all papers in support of and in opposition to this motion, and for the following reasons, **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel.

**Relevant Background.**

Plaintiff sues for violations of his: (1) federal constitutional right to be free from retaliation when engaged in a protected action, and (2) state tort right for personal injury. Compl. ¶¶ 25-26. He asserts

these relevant facts in the Complaint. On February 22, 2007, while housed at California Substance Abuse Treatment Facility and State Prison (SATF), Plaintiff attempted to mail out his legal documents. Compl. ¶ 9. Following correctional officers McKesson's, Martinez's and Zaragosa's instructions, Plaintiff arrived at the floor office after the evening meal with his legal documents. Compl. ¶ 9. Upon arriving, McKesson, Martinez and Zaragosa told Plaintiff he should have delivered the documents before the evening meal, cursed at Plaintiff and refused to send Plaintiff's legal documents. Compl. ¶ 12. Martinez, following McKesson's orders, slammed the door and smashed Plaintiff's foot. Compl. ¶ 14. Plaintiff left the floor office to try and speak with the Sergeant, but instead, was stopped by correctional officer Tuzon, who ordered Plaintiff back to his cell. Compl. ¶¶ 15, 16. Soon thereafter, Plaintiff was brought back to the floor office after again requesting that his legal documents be mailed out. Compl. ¶ 17. McKesson, Martinez and Zaragosa at that time agreed to process Plaintiff's legal mail. Compl. ¶ 18. They then followed Plaintiff back to his cell, locked Plaintiff and his cell mate in a shower cage and ransacked Plaintiff's cell. Compl. ¶ 18. Many of Plaintiff's personal belongings were either confiscated or destroyed. Compl. ¶ 21. McKesson and Martinez made separate statements to Plaintiff, implying that the actions taken against Plaintiff were in retaliation for Plaintiff's attempt to mail out his legal documents. Compl. ¶ 19.

Plaintiff had originally served these interrogatories on November 18, 2009. The discovery deadline in this case was December 21, 2009. On January 7, 2010, Defendants' counsel received a letter from Plaintiff stating he never received responses to those interrogatories. The next day, defense counsel applied to this court to order Plaintiff to re-serve the interrogatories and grant Defendants 45 days to respond to those interrogatories from the date they were mailed. [Dkt. No. 31.] For good cause shown, the court granted the request and order Plaintiff to re-serve the interrogatories. [Dkt. No. 33.]

Plaintiff re-served a second set of interrogatories to defendant Tuzon, a second set of interrogatories to defendant Martinez, and a third set of interrogatories to defendant McKesson. Defendants applied for a two-week extension to respond to them so as to obtain verifications for the responses. [Dkt. No. 37.] The court granted their request. [Dkt. No. 38.] The responses were served by April 5, 2010. Plaintiff filed this motion to compel on May 10, 2010. [Dkt. No. 58.] Defendants filed their opposition on May 25, 2010. [Dkt. No. 61.]

## DISCUSSION

Plaintiff asks for supplemental responses to interrogatory (ROG) nos. 13, 14 and 17 from defendant Tuzon, ROG nos. 12 and 22 from defendant Martinez, and ROG no. 23 from defendant McKesson.

**Rule 33.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . ." Fed. R. Civ. P. 26(b)(1). A party may serve on another party interrogatories that "ask[] for an opinion or contention that [is] related to fact or the application of law to fact . . ." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(a)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(a)(4).

**Defendant Tuzon.**

Plaintiff propounded ROG nos. 13, 14 and 17 to defendant Tuzon. In response to all those ROGs, Tuzon objected that the ROGs are "vague, overbroad, and ambiguous as to time." Plaintiff asks this court to strike the objections because the ROGs are "clear and narrow." Defendant Tuzon has withdrawn his form objections to the three ROGs, specifically, the objections that they are overbroad, vague and ambiguous as to time.

Thus, the substantive responses to these ROGs remain at issue:

- **ROG no. 13:** Did plaintiff tell you that defendants J. McKesson, J. Martinez and A. Zaragosa refused to mail out his legal mail?

- **Response:** [A]t approximately 7:00 p.m., Plaintiff had put his dress blues on and wanted to leave his cell. Defendant asked where Plaintiff wanted to go, to which he stated he wanted to go to see the Facility Sergeant and ask him to process his mail, because Plaintiff believed that the floor officers would not process his legal mail. Defendant told him the Sergeant was not going to process the legal mail because it's not his job, and that the floor officers would process the legal mail during their shift. Shortly thereafter, one of the floor officers called Plaintiff back into the E2 office to process his mail.

- **ROG no. 14:** Did you order plaintiff to go lock up in his cell after he told you that the defendants J. McKesson, J. Martinez, and A. Zaragosa were refusing to send out his legal mail?

- **Response:** Defendant advised him that Plaintiff's mail would be picked up during the third watch shift and told Plaintiff to return to his cell after advising him to wait until mail pickup. Normally, if the evening program opens up, inmates can go to the E2 office. While having this conversation, one of the floor officers called Plaintiff back into the E2 office, and Defendant believes that Plaintiff's legal mail was processed.

1     •    **ROG no. 17:** Did you see plaintiff attempt to exit the housing unit?

2     •    **Response:** Defendant further objects that the request is irrelevant because it is not likely to lead to the discovery of admissible evidence. To the extent that Plaintiff is referring to the February 22, 2007, incident at approximately 7:00 p.m., Plaintiff asked Defendant to see the Sergeant, who Defendant believes was in his office outside of housing unit E2 at that time, to process his legal mail.

Plaintiff argues that the responses to each of these three ROGs are incomplete because they are evasive, mischaracterize the facts and should have been answered with a "yes" or "no." He asks this court to order Tuzon to respond "yes," or, deem the answer to be "yes" in response to the interrogatory. Tuzon argues that Rule 33 does not require a "yes" or "no" response. Further, in support of all his responses, Tuzon argues that he clarified his responses, recalled that he had a conversation with Plaintiff during the incident, and relayed the facts that he remembered in those responses.

The court finds that defendant Tuzon has adequately responded to Plaintiff's interrogatories. In support of his responses, Tuzon signed a declaration stating, "the responses are true and correct to the best of my knowledge." This affirmation, coupled with the fact that Tuzon was recalling events from February 2007--over three years earlier--show the court that he sufficiently responded to the ROGs to the best of his knowledge. The court, therefore, will not compel any further responses to these ROGs.

**Defendant Martinez.**

Plaintiff propounded ROG nos. 12 and 22 to defendant Martinez. In response to all those ROGs, Martinez objected that the ROG "is vague, overbroad, and ambiguous as to time." Plaintiff asks this court to strike the objections because the ROGs are "clear and narrow." Defendant Martinez has withdrawn his form objections to the two ROGs, specifically the objections that they are overbroad, vague and ambiguous as to time.

Thus, the substantive responses to these ROGs remain at issue:

    •    **ROG no. 12:** Did defendant J. McKesson tell you to close the floor office door while plaintiff was standing in the doorway requesting that his legal mail be signed?

    •    **Response:** Defendant denies that he witnessed any E2 floor officer closing the door on Plaintiff on February 22, 2007, or any other day. Inmates are required to stay behind a yellow line outside the door when approaching the office. Inmates are allowed to knock on the door.

Plaintiff argues that the response to this ROG is incomplete because it is evasive, mischaracterizes the facts and should have been answered with a "yes" or "no." Martinez argues that the

response is responsive because he denies he heard Officer McKesson tell him to close the front door on Plaintiff while "Plaintiff was standing in the doorway requesting that his legal mail be signed." While in the opposition Martinez says he denies he heard McKesson say such a statement, he does not state that in the answer to ROG no. 12. In the response, he says that he did not witness any officer close a door. This answer is non-responsive. Based on Martinez's non-responsive answer, and his re-characterization in the opposition of what his response actually was, the court compels Martinez to provide a further, responsive answer to Plaintiff to ROG no. 12.

- **ROG no. 22:** How many correctional officers does it take to sign an inmate's legal mail?
- **Response:** Defendant objects that the request . . . is argumentative and irrelevant because it is not requesting information that would lead to the discovery of admissible evidence.

Here, Plaintiff argues this ROG is relevant to his retaliation claim to show Defendants' intent that they did not want to take and send out Plaintiff's legal mail, and that because Plaintiff insisted, they punished him for it. Plaintiff also says that "it is common knowledge and common sense that it only takes one officer to take and sign an inmate's legal mail." Mem. Ps&As, p.8. The court sustains Martinez's relevance objection to this ROG. The question is at the very least irrelevant, and any numerical response that Martinez could provide would not be likely to lead to the discovery of admissible evidence regarding intent in a retaliation claim. The court will not compel any further response to this ROG.

**Defendant McKesson.**

- **ROG no. 23:** During your employment as a correctional officer at CSATF, has an inmate ever filed a lawsuit against you before February 22, 2007?
- **Response:** Defendant objects to this request it is vague, overbroad, and ambiguous as to time as to "filed a CDCR 602 appeal against you." Moreover, Plaintiff's request is irrelevant because it seeks information that would not lead to the discovery of admissible evidence. Notwithstanding Defendant's objections and after reasonable inquiry, Defendant admits that he is aware that inmates have filed CDC 602 appeals against him.

Plaintiff seeks a supplemental response because here, McKesson repeated the same answer as in response to ROG no. 22, which asks about whether a CDCR 602 appeal had been ever filed against McKesson. McKesson admits a transcription error in the response provided. In the opposition, McKesson states that "after a reasonable inquiry, Defendant is aware that inmates have filed lawsuits

against him before February 22, 2007, and further notes that this interrogatory is factually similar to request no. 24, to which he had earlier responded with this information."[1] Opp'n, p.7.

The court finds this supplemental response in the opposition to be adequate, and will not compel a further response.

### CONCLUSION

For the reasons stated above, the court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel. Defendant Martinez shall serve a supplemental response to ROG no. 12 to Plaintiff **within 10 days** of the date of this order.

**IT IS SO ORDERED.**

Dated: 6-21-2010

VICTOR E. BIANCHINI

United States Magistrate Judge

---

[1] ROG no. 24 asks, "Prior to February 27, 2007, have you ever been sued for prison-related incidents against inmates?"