# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| CESAR URIBE,<br>CDCR # K-12001,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>MCKESSON; MARTINEZ;<br>ZARAGOSA; TUZON,<br><br>                              Defendants. | Civil No.   08-1285 DMS (NLS)<br><br>**ORDER PROVIDING NOTICE TO PRO SE PRISONER OF REQUIREMENTS FOR OPPOSING SUMMARY JUDGMENT PURSUANT TO *KLINGELE / RAND* AND SETTING BRIEFING SCHEDULE** |

This notice is required to be given to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):[1]

Defendants have filed a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 [Doc. No. 71], by which they seek to have your case dismissed. A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] *Klingele* and *Rand* together require the district court "as a bare minimum," to ensure that a pro se prisoner has "fair notice of the requirements of the summary judgment rule." *Klingele*, 849 F.2d at 411 (quotations omitted); *Rand*, 154 F.3d at 962.

1

2   Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment.
3   Generally, summary judgment must be granted when there is no genuine issue of material fact--
4   that is, if there is no real dispute about any fact that would affect the result of your case, and the
5   party who asked for summary judgment is entitled to judgment as a matter of law, which will
6   end your case.  When a party you are suing makes a motion for summary judgment that is
7   properly supported by declarations (or other sworn testimony), you cannot simply rely on what
8   your complaint says.  Instead, you must set out specific facts in declarations, depositions,
9   answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that
10  contradict the facts shown in the defendants' declarations and documents and show that there
11  is a genuine issue of material fact for trial.  If you do not submit your own evidence in
12  opposition, summary judgment, if appropriate, may be entered against you.  If summary
13  judgment is granted, your case will be dismissed and there will be no trial.

14  **Conclusion and Order**

15  Accordingly, **IT IS ORDERED** that Defendant's Motion for Summary Judgment has
16  been calendared for hearing on **Friday, October 8, 2010**, in Courtroom 10.[2]  Your Opposition
17  (including any supporting documents) must be filed with the Court and served on all parties by
18  **Friday, September 24, 2010**.  If you do not wish to oppose Defendant's Motion, you should file
19  and serve a "Notice of Non-Opposition" by that same date to let both the Court and Defendant
20  know that the Motion is unopposed.  If you do file and serve an Opposition, Defendants must
21  file and serve their Reply to that Opposition by **Friday, October 1, 2010.**

22  / / /
23  / / /
24  / / /
25
26

27  [2] While this case was randomly referred upon filing to the Honorable Magistrate Judge Nita L.
28  Stormes pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition, the Court has determined that a Report
and Recommendation regarding the disposition of Defendants' Motion for Summary Judgment is
unnecessary.

At the time appointed for hearing, the Court will, in its discretion, consider Defendant's Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 as submitted on the papers, and will issue its written opinion soon thereafter. Thus, unless otherwise ordered, no appearances are required and no oral argument will be heard.

**IT IS SO ORDERED.**

DATED: July 28, 2010

_____
HON. DANA M. SABRAW
United States District Judge