1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CESAR URIBE, | Case No. 08CV1285 DMS (NLS) |
| Plaintiff, | **ORDER (1) RE: PLAINTIFF'S OBJECTIONS TO NOVEMBER 30, 2010 ORDER AND (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTIONS TO OCTOBER 21, 2010 ORDER** |
| v. | |
| CORRECTIONAL OFFICER J. McKESSON, CORRECTIONAL OFFICER MARTINEZ, CORRECTIONAL OFFICER ZARAGOSA, CORRECTIONAL OFFICER TUZON, | |
| Defendants. | |

Pending before the Court are (1) Plaintiff's objections to Magistrate Judge Nita L. Stormes' November 30, 2010 Order denying Plaintiff's motion for an order directing service of a subpoena duces tecum by the United States Marshals Service without prepayment of costs and (2) Plaintiff's motion for leave to file objections to Magistrate Judge Stormes' October 21, 2010 Order denying Plaintiff's motion for sanctions for spoliation of evidence. For the following reasons, the Court declines to modify or set aside Magistrate Judge Stormes' November 30 Order and denies Plaintiff's motion for leave to file objections to the October 21 Order..

Federal Rule of Civil Procedure 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required

1
2
3

    proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

4 Plaintiff timely filed objections to Magistrate Judge Stormes' November 30 Order denying Plaintiff's
5 motion for an order directing service of a subpoena (Doc. 101), which the Court has fully considered.
6 However, because the Court does not find any part of the Order to be clearly erroneous or contrary to the
7 law, it declines to modify it or set it aside.

8     Plaintiff also filed a motion seeking leave of the Court to file objections to Magistrate Judge
9 Stormes' October 21 Order denying Plaintiff's motion for sanctions for spoliation of evidence beyond the
10 14 day period for filing such objections set forth in Rule 72(a). (Doc. 104.) Federal Rule of Civil Procedure
11 6(b)(1) states "[w]hen an act may or must be done within a specified time, the court may, for good cause,
12 extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of
13 excusable neglect." The Court does not find excusable neglect exists here and denies Plaintiff's motion for
14 an extension of time to file objections to Magistrate Judge Stormes' October 21 Order.

15     **IT IS SO ORDERED.**

16 DATED:  December 28, 2010

17
18                                   HON. DANA M. SABRAW
19                                   United States District Judge